UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DANIEL MARTIN GOLD, | : | 14-CV-5485 (JFK) |
| Plaintiff, | : | |
| -against- | : | |
| AMERICAN MEDICAL ALERT CORP., | : | |
| Defendants. | : | |

---

## MOTION TO DISMISS THE SECOND CLAIM FOR RELIEF

---

**FOX ROTHSCHILD LLP**
James Lemonedes, Esq.
John A. Wait, Esq.
Oksana Wright, Esq.
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

Defendant American Medical Alert Corp. ("AMAC"), by its attorneys, Fox Rothschild LLP, respectfully submits this memorandum of law, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), in support of its motion to dismiss the Second Claim for Relief alleged in the complaint of Daniel Martin Gold ("Gold" or "plaintiff"):[1]

## PRELIMINARY STATEMENT

In his complaint Gold alleges two causes of action for (1) breach of contract (First Claim for Relief) and (2) violation of Section 190 *et seq.* of the New York Labor Law (Article 6) (Second Claim for Relief).  Specifically, in the complaint, Gold alleges that he entered into the Employment Agreement with AMAC (Compl. ¶14); AMAC breached the Employment Agreement (Compl. ¶¶33-42); terminated Gold without "cause" (Compl. ¶¶39; 41; 52); and failed to pay him severance provided in the Employment Agreement (¶56).  Gold's claims, although conclusory in nature, are in substance breach of contract claims, which have nothing to do with Article 6 violations.

It is well established that when the essence of a claim is for common law breach of an employment contract, there is no viable claim under Article 6.  Gold claims that he is entitled to relief under Sections 193 and 198 of Article 6.  *See* Compl., ¶¶63-64.  However, because Section 193 "has nothing to do" with Gold's contractual claims for "failure to pay wages or severance benefits", Gold cannot establish any claim under Article 6.  *See, e.g., Moras v. Marco Polo Network, Inc.*, No. 11 Civ. 2081, 2012 WL 6700231, 11 (S.D.N.Y. Dec. 20, 2012).

Furthermore, Section 198 does not provide Gold with a substantive right to relief and, likewise, may not be invoked when the claim is in substance a contract claim.  Finally, Gold, as

---

[1] AMAC denies all Gold's allegations, including Gold's First Claim for Relief.  AMAC maintains that it terminated Gold for cause.

1

an executive, cannot state a claim under any other provision of Article 6.  As a result, Gold's Second Claim for Relief should be dismissed with prejudice for failure to state a cause of action under Rule 12(b)(6).

## ALLEGED FACTS

On July 21, 2014, plaintiff Gold filed a two count complaint against defendant AMAC, a corporation that provides healthcare communications and monitoring services.  A copy of the complaint is attached to the Declaration of John A. Wait, dated August 14, 2014 ("Wait Dec.") as **Exhibit 1**.

Gold alleges that on March 15, 2012 he entered into an employment agreement with AMAC (the "Employment Agreement") for the term of three years "from January 1, 2012 through December 31, 2014."  *See* Compl., ¶14; a copy of the Employment Agreement is attached to Wait Dec. as Exhibit 2.[2]

Gold further states that "he was employed to serve as Senior Vice President of AMAC" and that "by letter agreement dated March 15, 2012" AMAC appointed him as the Chief Business Development Officer.  *Id.* ¶¶15, 18.  As provided in the Employment Agreement, Gold allegedly was to receive compensation consisting of, among other things, "a base salary of $240,000 per annum," "participation in AMAC's bonus plan," certain benefits, "automobile stipend," and reimbursement of certain gasoline costs.  *Id.* ¶19.

In his complaint, Gold quotes and describes various termination provisions of the Employment Agreement.  *Id.* ¶¶22-26.

---

[2] Although in his complaint Gold indicates that he attached a copy of the Employment Agreement as Ex. A (Compl. ¶14), Gold's filed and served complaint does not contain any exhibits.

The rest of the complaint contains claims of AMAC's alleged wrongful actions.  For example, Gold claims that AMAC's "hiring of an EVP of Sales superior to him diminished the power, functions, and authority of his role as a Senior VP and as Chief Business Development Officer of AMAC."  *Id.* ¶33; *see also* ¶34 ("AMAC took other steps, too numerous to catalogue here, that similarly diminished the power, functions, and authority of Gold's role as a Senior VP and as Chief Business Development Officer.").

Without providing any details, Gold states that "the company was out of compliance of HIPAA" and that "he could not, in good conscience and in compliance with law" "perform acts which he believed were violative (sic) of HIPAA."  *Id.* ¶¶43-47.  Next, Gold argues that AMAC's termination of his employment was without "cause."  *Id.* ¶¶48-53.

In his complaint, Gold alleges two causes of action: (1) breach of contract (First Claim for Relief) and (2) violation of Section 190 *et seq*. of the New York Labor Law (Article 6) (Second Claim for Relief).

First Claim for Relief contains only Gold's bare allegations that "by reason of the foregoing, defendant AMAC has breached the Employment Agreement" and that Gold sustained damages in the amount of $608,588.90.  *Id.* ¶¶55-6.

In his Second Claim for Relief Gold alleges AMAC violated Section 193 of Article 6 by failing to pay and withholding "wages due to plaintiff Gold upon termination of his employment."  *Id.* ¶63.  Gold also claims that "pursuant to Section 198 of [Article 6] [he] is entitled to recover double the amount of unpaid and due and owing wages as well as his reasonable attorneys' fees and costs."  *Id.* ¶64.  Gold also discusses the definitions of "wages", "employer", and "employee" that are contained in Section 190 of Article 6.  *Id.* ¶¶60-62.

For the reasons stated below, Gold's Second Claim for Relief should be dismissed with prejudice for failure to state a cause of action.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the nonmoving party. *See Famous Horse Inc. v. 5th Ave. Photo Inc.,* 624 F.3d 106, 108 (2d Cir. 2010). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a district court may consider 'only the complaint, ... any documents attached thereto or incorporated by reference and documents upon which the complaint relies heavily.'" *MBIA Inc. v. Certain Underwriters at Lloyd's, London*, --- F. Supp. 2d ----, 2014 WL 3533985, 5 (S.D.N.Y. July 16, 2014) (quoting *Building Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012)). "Allegations in the complaint that are contradicted by more specific allegations or documentary evidence are not entitled to a presumption of truthfulness." *Id.* (citing *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 175 n. 1 (2d Cir. 2013)).

As further discussed below, Gold's Second Claim for Relief fails to state a cause of action for AMAC's alleged violations of the New York Labor Law (Article 6) and, therefore, must be dismissed with prejudice.

## ARGUMENT

**I.    GOLD CANNOT STATE A CAUSE OF ACTION FOR AMAC'S ALLEGED VIOLATIONS OF THE NEW YORK LABOR LAW (ARTICLE 6)**

Gold's Second Claim for Relief, although conclusory in nature, is in substance a contract claim.  Specifically, in his complaint, Gold alleges that he entered into the Employment Agreement with AMAC (¶14); AMAC breached the Employment Agreement (¶¶33-42); terminated Gold without "cause" (¶¶39; 41; 52); and failed to pay him severance provided in the Employment Agreement upon such termination (¶56).

It is well established that when the essence of the claim presented concerns a common law breach of employment contract, there is no viable claim under Article 6.  *See Monagle v. Scholastic, Inc.,* No. 06 Civ. 14342, 2007 WL 766282, at *2 (S.D.N.Y. March 9, 2007); *see also Wiggins v Hain Pure Protein Corp.*, 829 F. Supp. 2d 231, 241-42 (S.D.N.Y. 2011).

In his Second Claim for Relief, Gold asserts that he is entitled to relief under Sections 193 and 198 of Article 6.  *See* Compl., ¶¶63-64.  As fully discussed below, Section 193 "has nothing to do" with Gold's claim for "failure to pay wages or severance benefits."  *See, e.g., Moras v. Marco Polo Network, Inc.*, No. 11 Civ.2081, 2012 WL 6700231, 11 (S.D.N.Y. Dec. 20, 2012).  Moreover, Section 198 does not provide Gold with a "freestanding right to relief" and "may not be invoked when the claim is in substance a contract claim."  *See Malinowski v. Wall Street Source, Inc.*, No. 09 Civ. 9592, 2012 WL 279450, at *2-3 (S.D.N.Y. Jan. 31, 2012); *Fin. Techs. Int'l, Inc. v. Smith*, 247 F. Supp. 2d 397, 413 (S.D.N.Y. 2002).  Finally, Gold, as an executive, cannot state a claim under other (not mentioned in Gold's complaint) provisions of

5

Article 6.  *See Moras, supra,* 2012 WL 6700231, at *11 (*citing Pachter v Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 616 (2008) ("[E]mployees serving in an executive … capacity do not fall under Section 191 of the Labor Law").  As a result, Gold's Second Claim for Relief should be dismissed with prejudice.

      A.      <u>**Gold Cannot State a Cause of Action Under Section 193**</u>

In his complaint, Gold argues that AMAC's alleged "failure to pay, and withholding of, wages due to plaintiff Gold upon termination of his employment constitutes an unauthorized deduction from wages" in violation of Section 193 of Article 6.  Compl., ¶63.  Such claim must fail because it is well established by the courts in New York that Section 193 "has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages."  *Monagle,* 2007 WL 766282, at *2; *Wiggins,* 829 F. Supp. 2d at 242; *Ketter v. Fleming,* 820 N.Y.S.2d 348, 350 (3d Dep't 2006) (general allegation of failure to pay wages due does not state a claim under Section 193 absent allegation of "any specific deduction" from wages).  Here, Gold is *not* complaining about any *specific* deduction of wages, but rather the withholdings of wages or severance benefits allegedly due to Gold under the Employment Agreement.  *See* Compl. ¶62.

Furthermore, in order to state a claim under Section 193, the Plaintiff must recite a specific deduction in violation of the statute.  *See Ketter,* 820 N.Y.S.2d  at 350 ("Nor does defendant allege any specific deduction in violation of section 193") (citing *Slotnick v. RBL Agency*, 271, A.D.2d 365, 366, 706 N.Y.S.2d 431 (1st Dep't 2000)); *see also Wiggins,* 829 F. Supp. 2d at 242.  Gold's complaint is devoid of any factual allegations concerning a specific deduction which he claims was made in violation of Section 193.   Thus, Gold fails to state any viable claim under Section 193.

B.      **Section 198 of the Labor Law Does Not Provide a Right for Relief To Gold**

Gold cannot state any claim for relief under Section 198 of Article 6 because it does not supply a freestanding right to relief.  *Monagle,* 2007 WL 766282, at *2 (Section 198 "provides no substantive cause of action at all"); *see also Fin. Techs. Int'l, Inc,* 247 F. Supp. 2d at 413 ("[t]he remedies of section 198 may not be invoked when the claim is in substance a contract claim to enforce the payment of obligations other than statutory wages"); *see also Gottlieb v. Kenneth D. Laub & Co.*, Inc. 82 N.Y.2d 457, 462 (1993) (finding that Section 198 does not provide a substantive claim for relief and that it was not intended "to provide any remedy whatsoever for the successful prosecution of a common-law civil action for contractually due remuneration…").  Thus, unless Plaintiff can bring a claim under Article 6 (which he cannot) he is not entitled to the remedies provided in Section 198.

Gold does not attempt and, in fact, cannot seek relief under Section 198-c, "which, unlike §198, is a source of a substantive right."  *See Malinowski*, 2012 WL 279450, at *2-3.  However, Section 198-c does not apply to executives such as Gold.[3]  N.Y. LAB. LAW § 198–c (McKinney 2011) ("This section shall not apply to any person in a bona fide executive ... capacity whose earnings are in excess of nine hundred dollars a week."); *see also Pachter,* 10 N.Y.3d at 615; *Monagle,* 2007 WL 766282, at *2.

Here, Gold was employed as AMAC's Senior Vice President, and was "responsible for the business development of the Health and Safety Monitoring Systems division …" *See* Compl.

---

[3] Similarly, as an executive, Gold cannot (and does not) seek any relief under Section 191 of Article 6.  N.Y. Lab. Law § 191 (McKinney 2011); *see also Pachter v. Bernard Hodes Grp. Inc.*, 10 N.Y.3d 609, 616, 861 N.Y.S.2d 246, 891 N.E.2d 279 (2008) ("employees serving in an executive ... capacity do not fall under Section 191 of the Labor Law"); *Gottlieb*, 82 N.Y.2d at 464, 605 N.Y.S.2d 213, 626 N.E.2d 29; *Malinowski*, 2012 WL 279450.

¶¶15, 18.  Gold's earnings were in excess of nine hundred dollars a week, as he was provided with a salary of "$240,000 per annum."  *See* Compl. ¶19.

Therefore, Gold is not entitled to any relief under Article 6 and his Second Claim for Relief should be dismissed with prejudice.

## **CONCLUSION**

For the reasons stated above, the Court should dismiss with prejudice the Second Claim for Relief of the complaint filed by Daniel Martin Gold.

Respectfully submitted,

Dated: New York, New York
August 14, 2014

FOX ROTHSCHILD, LLP

James Lemonedes, Esq.
John A. Wait, Esq.
Oksana Wright, Esq.
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940
***Attorneys for American Medical Alert Corp.***